

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Geo. A. Hight
Chief Accountant
Board of County and District Road Indebtedness
Austin, Texas

Dear Sir:

Opinion Number O-1610
Re: Claim of Galveston County
to participate in moneys allo-
cated to the Board of County
and District Road Indebtedness
under House Bill #688

We are in receipt of your request for an opinion as
to the legality of a claim of Galveston County to participate
in the moneys allocated to the County and Road District High-
way Fund under the provisions of House Bill #688 in line with
the facts stated, which are as follows:

"For the purpose of providing a ferry service
on State Highway #87, between Bolivar Point, Gal-
veston Bay and the City of Galveston, Galveston
County purchased two ferry boats and deeded them
to the State under the agreement that the State
Highway Department would maintain a ferry boat
service between the two points mentioned above.

"The total cost of the ferry boats to Galveston
County was $75,000.00; $45,000.00 of the purchase
price of the boats was paid from the proceeds of
the sale of Galveston County Special Road Bonds,
Series 1928, and the balance $30,000 was paid by
the issuance of Time Warrants which have been
retired."

Referring to House Bill #688, Section 2, we find that
the Legislature has undertaken to define certain expressions
used throughout the Act, and among which definitions there
appears the following:

Mr. Geo. A. Hight, page #2

"The expression 'eligible obligations' as used
in this Act shall mean obligations the proceeds of
which were actually expended on State designated
highways."

It, therefore, follows that if the claim of Galveston
County is to be granted, the obligations from which the ferry
boats were purchased, in order to be eligible under the pro-
visions of House Bill #688, must comply with this definition.
In other words, were the proceeds of the Galveston County
Special Road Bonds, Series 1928, actually expended on State
designated highways?

Again referring to Section 2, we find that the Legis-
lature has defined "State designated highways" as follows:

"By the expressions 'highways', 'State High-
ways' and 'State designated highways', are meant
roads which prior to January 2, 1939, had become
a part of the system of designated State High-
ways * * * ".

We have pointed out this definition of "State desig-
nated Highways" and called your attention to the fact that the
definition contemplates roads, which we have underlined. We
again refer to Section 2 for this further definition:

"By the expression 'roads' or 'road', as used
in this Act, is meant road, roadbed, bridges and
culverts."

It will be observed that none of the foregoing defini-
tions, in any manner, contemplate the inclusion of ferries as
a purpose for which the proceeds of bonds may be expended and
such bonds be made eligible for participation under the pro-
visions of House Bill #688.

We direct your attention to Article 6812a, Vernon's
Civil Statutes, passed by the Forty-third Legislature, First
Called Session, which Act was passed subsequent to Article
6674q, Chapter 13, Acts of the Third Called Session of the

Forty-second Legislature, as amended by Chapter 14, Acts of
the Regular Session of the Forty-third Legislature, and which
has again been amended by House Bill #688, of the Forty-sixth
Legislature, Regular Session, 1939. It will be noted that
the Legislature in enacting Article 6812a recognized that the
State Highway Department was without authority to acquire by
purchase or to contract to maintain, operate or control a
ferry. House Bill #688 was passed subsequent to the above
cited article and the definitions included in House Bill #688
have again omitted any reference to ferries.

It is, therefore, our opinion that Galveston County's
claim to participation in the moneys allocated to the Board
of County and District Road Indebtedness under House Bill #688
should be denied.

Trusting that the foregoing satisfactorily answers
your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By *Clarence E. Crowe*
Clarence E. Crowe
Assistant

CEC-s

APPROVED JAN 31, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY *Burt*
CHAIRMAN